---

### In re KOHLER'S ESTATE.

#### (Surrogate's Court, New York County. August 16, 1915.)

1. EXECUTORS AND ADMINISTRATORS ☞314—DISTRIBUTION—RIGHTS OF LEGATEES—ADVANCE PAYMENTS.

    An application by a married woman as legatee under a will for an advance payment on the legacy will be denied, where the moving papers do not show that petitioner's husband has not sufficient means to support and maintain her.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1274–1297; Dec. Dig. ☞314.]

2. EXECUTORS AND ADMINISTRATORS ☞314—RIGHTS OF LEGATEES—ADVANCE PAYMENTS.

    An application by a legatee under a will for an advance payment on a legacy will be denied, where it does not conclusively appear that the income which petitioner receives from the estate is insufficient for her support.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1274–1297; Dec. Dig. ☞314.]

3. EXECUTORS AND ADMINISTRATORS ☞314—RIGHTS OF LEGATEES—ADVANCE PAYMENTS.

    An application by a legatee for an advance payment on the legacy will be denied, where no fund is indefeasibly vested in the petitioner out of which the advancement can be made.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1274–1297; Dec. Dig. ☞314.]

Application by a legatee under the will of Charles Kohler for an advance payment on a legacy under Code Civ. Proc. § 2691. Application denied.

Henry C. Quinby, of New York City, for petitioner.
Ellison & Ellison, of New York City, for trustees.
Egerton L. Winthrop, Jr., of New York City, special guardian.

FOWLER, S. This is an application by a legatee under section 2691 of the Code for an advance payment on a legacy. The petitioner is 20 years of age, is married, and has an infant child. She lives with her husband. Under the will of her father she receives an annual income of $25,000, but she alleges in the petition that owing to unusual circumstances during the last year she needs an advance of $25,000. The petition contains no allegations as to the ability or inability of the petitioner's husband to support her and their child. The special guardian reports that the application should be granted, except that, instead

of charging the $25,000 against the first installment of principal, it should be charged against the principal or income of the share to which the petitioner may be entitled under the eighteenth clause of the will.

There is no copy of the will attached to the papers. From the extracts contained in the report of the special guardian it appears that the residuary estate referred to in the eighteenth clause of the will is that which may remain after sufficient is set apart by the trustees to insure payment of the income of $25,000 a year to each of the legatees and the installments of principal. To insure these payments may require the application of the entire estate, so that there would be no residuary under the eighteenth clause of the will. If there is no residuary, there is no fund from which the trustees may advance the sum of $25,000.

[1-3] It seems to me therefore that the application should be denied for the following reasons: (1) Because the moving papers do not show that the husband of the petitioner has not sufficient means to support and maintain her; (2) it does not conclusively appear that the income of $25,000 a year which the petitioner is now receiving from the decedent's estate is insufficient for her support; and (3) because there is no fund indefeasibly vested in the petitioner out of which the advancement of $25,000 could be made.